# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| THERESA DALTON,<br><br>   Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>   Defendant. | No. 2:20-cv-02913-ES-CLW |

## DECLARATION OF MELANIE H. MUHLSTOCK IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1746, Melanie H. Muhlstock, declares as follows under penalty of perjury:

1. I am an attorney with the law firm of Parker Waichman LLP and an attorney of record for Plaintiff in this case. The following declaration is based on my personal knowledge and review of my files. I submit this declaration in support of Plaintiff's Motion to Remand.

2. I represent a number of plaintiffs who have sustained severe atherosclerotic injuries from ingesting Defendant Novartis Pharmaceuticals Corporation's ("Novartis") drug Tasigna. The injuries include leg amputations and strokes.

3. A number of these plaintiffs have filed and will file claims against Novartis in New Jersey Superior Court (hereinafter referred to as the "New Jersey State Plaintiffs"). To ensure that these cases are not removed to federal court, the legal team for the New Jersey State Plaintiffs have taken deliberate and costly steps to ensure that Novartis does not "snap" remove their cases before Novartis has been served. This has proven especially difficult in the current COVID-19

environment since, upon information and belief, there has been no one available at Novartis' corporate headquarters in East Hanover, New Jersey to accept service.[1]

4. Therefore, the New Jersey State Plaintiffs have personally served Novartis' appointed agent in New Jersey, Corporation Services Co., which is currently the only practicable means of serving the company and is, otherwise, proper regardless. *See* Ex. 1, Novartis' Business Certificate indicating Corporation Services Co. as its registered agent and office. To ensure that Novartis does not "snap" remove the cases, the New Jersey State Plaintiffs have, as a matter of course, taken painstaking steps of coordinating filing and service to ensure that Novartis' appointed agent is served within minutes after the cases are filed.

5. Despite being properly served in these cases, Novartis has nonetheless removed numerous cases to this Court. In each of these cases, Novartis has made the false representation that it had not been served, when in fact it had.

6. In the instant case, Plaintiff Theresa Dalton filed an action against Novartis in New Jersey Superior Court, Morris County, on March 16, 2020 at 12:03 p.m., case styled *Theresa Dalton v. Novartis Pharmaceuticals Corporation*, No. MRS-L-662-20. *See* Ex. 2, Dalton Complaint.

---

[1] Counsel for Plaintiff attempted to serve complaints on Novartis at its corporate headquarters in two Tasigna cases filed by our firm in New Jersey Superior Court, Morris County on March 12, 2020 - *Gustin et al. v. Novartis Pharmaceuticals Corporation*, Superior Court Case No. MRS-L-636-20, District Court Case No.:2:20-cv-02753-JMV-MF and *Dean v. Novartis Pharmaceuticals Corporation*, Superior Court Case No.: MRS-L-635-20, District Court Case No.: 2:20-cv-02755-JMV-MF. Upon arriving at Novartis, our process server was turned away by security and informed that no one was available to accept service as they were working remotely. In those cases, process was ultimately effectuated upon Novartis at its appointed agent in New Jersey, Corporation Services Co., but not prior to the time Novartis filed its Notice of Removal. Plaintiffs in those matters have not filed motions requesting remand.

7. Novartis' appointed agent for service was served with a copy of the Summons and Complaint at 12:12 p.m. that same day. *See* Ex. 3, Dalton Affidavit of Service.

8. Novartis then removed the case to this Court at some time after 6:00 p.m., Case No. 2:20-cv-2913-ES-CLW. *See* Ex. 4, Dalton Notice of Removal and Ex. 5 Dalton Notice of Filing of Notice of Removal.

9. In its Notice of Removal, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Ex. 4, at ¶ 8.

10. Accordingly, Plaintiff Dalton respectfully requests that this action be remanded to the New Jersey Superior Court, Morris County.

11. To date, this is one of nine cases improperly removed to this Court by Novartis based on identical false statements regarding service.

12. The following is a list of Novartis' improper removals demonstrating a pattern of false representations to this Court:

   a. Plaintiff Michael Neal filed an action against Novartis in New Jersey Superior Court, Morris County, on March 17, 2020 at 12:13 p.m., case styled *Michael Neal v. Novartis Pharmaceuticals Corporation*, No. MRS-L-674-20. Novartis' appointed agent for service was served with a copy of the Summons and Complaint at 12:22 p.m. that same day. Novartis then removed the case to this Court at some time after 11:00 p.m., Case No. 2:20-cv-2972-ES-CLW. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Neal

      Complaint, Neal Affidavit of Service, Neal Notice of Filing of Notice of Removal, and Neal Notice of Removal, collectively attached as Ex. 6. Plaintiff Neal is requesting remand of all claims.

b. Plaintiff Darrell Glenn filed an action on behalf of the estate of Naomi Glenn against Novartis in New Jersey Superior Court, Morris County, on March 17, 2020 at 12:10 p.m., case styled *Darrell Glenn, as Executor of the Estate of Naomi Glenn v. Novartis Pharmaceuticals Corporation*, No. MRS-L-673-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 12:22 p.m. that same day. Novartis then removed the case to this Court at some time after 11:00 p.m., Case No. 2:20-cv-2971-ES-CLW. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Glenn Complaint, Glenn Affidavit of Service, Glenn Notice of Filing of Notice of Removal, and Glenn Notice of Removal, collectively attached as Ex. 7. Plaintiff Glenn is requesting remand of all claims.

c. Plaintiff Darren Chase filed an action against Novartis in New Jersey Superior Court, Morris County, on March 26, 2020 at 12:49 p.m., case styled, *Darren Chase v. Novartis Pharmaceuticals Corporation*, No. MRS-L-748-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 12:58 p.m. that same day. Novartis then removed the case to this Court at some time after 4:00 p.m., Case No. 2:20-cv-03295-MCA-LDW. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been

served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Chase Complaint, Chase Affidavit of Service, Chase Notice of Filing of Notice of Removal, and Chase Notice of Removal, collectively attached as Ex. 8. Plaintiff Chase is requesting remand of all claims.

d. Plaintiff Stacy Cook filed an action against Novartis in New Jersey Superior Court, Morris County, on March 26, 2020 at 12:49 p.m., case styled, *Stacy Cook v. Novartis Pharmaceuticals Corporation*, No. MRS-L-749-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 12:58 p.m. that same day. Novartis then removed the case to this Court at some time after 4:00 p.m., Case No. 2:20-cv-03302-CCC-ESK. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Cook Complaint, Cook Affidavit of Service, Cook Notice of Filing of Notice of Removal, and Cook Notice of Removal, collectively attached as Ex. 9. Plaintiff Cook is requesting remand of all claims.

e. Plaintiff Alpha Smith filed an action against Novartis in New Jersey Superior Court, Morris County, on March 26, 2020 at 12:50 p.m., case styled, *Alpha Smith v. Novartis Pharmaceuticals Corporation*, No. MRS-L-750-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 12:57 p.m. that same day. Novartis then removed the case to this Court at some time after 4:00 p.m. that same day, Case No. 2:20-cv-03300-KM-

JBC. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Smith Complaint, Smith Affidavit of Service, Smith Notice of Filing of Notice of Removal, and Smith Notice of Removal, collectively attached as Ex. 10. Plaintiff Smith is requesting remand of all claims.

f. Plaintiff Danny Dattilo filed an action against Novartis in New Jersey Superior Court, Morris County, on March 23, 2020 at 1:42 p.m., case styled, *Danny Dattilo v. Novartis Pharmaceuticals Corporation*, No. MRS-L-730-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 2:04 p.m. that same day. Novartis then removed the case to this Court at some time after 4:30 p.m. that same day, Case No. 2:20-cv-03163-WJM-MF. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Dattilo Complaint, Dattilo Affidavit of Service, Dattilo Notice of Filing of Notice of Removal, and Dattilo Notice of Removal, collectively attached as Ex. 11. Plaintiff Dattilo is requesting remand of all claims.

g. Plaintiff Robert Lambert filed an action against Novartis in New Jersey Superior Court, Morris County, on March 16, 2020 at 12:52 p.m., case styled, *Robert Lambert v. Novartis Pharmaceuticals Corporation*, No. MRS-L-665-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 1:04 p.m. that same day. Novartis then removed the

        case to this Court at some time after 7:00 p.m. that same day, Case No. 2:20-cv-02914-ES-CLW. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* Lambert Complaint, Lambert Affidavit of Service, Lambert Notice of Filing of Notice of Removal, and Lambert Notice of Removal, collectively attached as Ex. 12. Plaintiff Lambert is requesting remand of all claims.

  h. Plaintiff Clinton McGillis filed an action against Novartis in New Jersey Superior Court, Morris County, on April 10, 2020 at 11:25 a.m., case styled, *Clinton McGillis v. Novartis Pharmaceuticals Corporation*, No. MRS-L-850-20. Novartis' appointed agent for service was served with a copy of the summons and complaint at 11:32 a.m. that same day. Novartis then removed the case to this Court at some time after 3:23 p.m. that same day, Case No. 2:20-cv-03909-JMV-MF. In its Notice of Removal at ¶ 8, Novartis falsely represented that it had not been served: "[Novartis] has not been served in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)." *See* McGillis Complaint, McGillis Affidavit of Service, McGillis Notice of Filing of Notice of Removal, and McGillis Notice of Removal, collectively attached as Ex. 13. Plaintiff McGillis is requesting remand of all claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2020.

*/s/ Melanie H. Muhlstock*
Melanie H. Muhlstock
